UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIN JOHNSTON,

                Plaintiff,

                -vs-

COMMISSIONER OF SOCIAL SECUIRTY,

                Defendant.

DECISION AND ORDER

18-CV-6610-MJP

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Erin Johnston ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") benefits.[1] Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 19.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF

---

[1] Plaintiff's application for benefits indicates that she applied for "a period of disability and/or all insurance benefits for which I am eligible under Title II and Part A of Title XVIII of the Social Security Act, as presently amended." (Record ("R.") 144.) However, in the memorandum of law in support of her motion, Plaintiff asserts that she filed for disability insurance benefits and Supplemental Security Income ("SSI"). (Pl.'s Mem. of Law at 1, Apr. 19, 2019, ECF No. 13-1.) The Commissioner and the Administrative Law Judge ("A.L.J.") on behalf of the Commissioner both indicated that Plaintiff filed for SSI. (Def.'s Mem. of Law at 1, Jun. 14, 2019, ECF No. 16-1; R. 15.)

Nos. 13 & 16.) For the reasons stated below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On May 19, 2015, Plaintiff protectively filed her application for benefits. (R. 144.) Plaintiff alleged disability beginning on July 1, 2007, including panic attacks and "panic disorder—DX 2011". (R. 144–45; 55.) The Social Security Administration denied Plaintiff's claim on June 23, 2015. (R. 55–61.) On May 1, 2017, a hearing was held before an A.L.J. in Rochester, New York. (R. 30–54.) Plaintiff and her representative were present at the hearing. (R. 30.) A vocational expert also testified. (R. 30.)

The A.L.J. issued an unfavorable decision on July 27, 2017, finding that Plaintiff had the following severe impairments: "anxiety disorder, panic disorder, and depression." (R. 17.) Nevertheless, the A.L.J. determined that Plaintiff was able to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: low stress work only defined as occasional decision-making and working primarily alone with only occasional supervision.

(R. 19.)

Plaintiff appealed to the Social Security Administration's Appeals Counsel which denied her request for review on June 27, 2018, making the A.L.J.'s decision the Commissioner's final decision. (R. 1–6.) Plaintiff filed this lawsuit on August 21, 2018.

2

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also*

*Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

>   (1)  whether the claimant is currently engaged in substantial gainful activity;
>
>   (2)  if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
>   (3)  if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
>   (4)  if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
>   (5)  if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)(v) & 416.920(a)(4)(i)(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to

'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises one issue for the Court's review. She asserts that the A.L.J. failed to apply the correct legal standards in evaluating the medical opinions of record, warranting remand. (Pl.'s Mem. of Law at 9.) For the reasons explained below, the Court finds that the A.L.J.'s decision must be reversed and the case remanded for a new hearing.

### *The A.L.J.'s Decision Contains Ambiguities and Inconsistencies which Necessitate Remand.*

"An A.L.J. should consider all medical opinions received regarding the claimant." *Daniel v. Commissioner of Social Security*, No. 3:18-CV-1305 (ATB), 2020 WL 1270408, at *5 (N.D.N.Y. Mar. 16, 2020). Further, the A.L.J. should explain why he assigns certain weight to the opinions of non-acceptable medical sources. Indeed, the A.L.J. "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 416.927(f)(2). Finally, an A.L.J.'s determination must be based upon substantial evidence. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Plaintiff was treated by Mental Health Counselor ("MHC") Caitlyn Eberle[2] for several years. (R. 590–662.) In addition to providing mental health counseling, MHC Eberle conducted two Psychological Assessments for Determination of Employability for the Monroe County Department of Human Services, completed in October 2016 and February 2017. (R. 545–52.) In reviewing the A.L.J.'s decision, the Court cannot determine whether the A.L.J. considered *both* psychological assessments completed by MHC Eberle. At first glance it appears that he considered both because he referred to Exhibit 9F, pages 4 and 8, which encompasses one page from each multi-page assessment. (R. 20.) However, it later appears that the A.L.J. only considered the first assessment because he wrote, "*this* opinion relates to a two month period, which is less than the 12 month standard of disability under the Regulations." (R. 21 (emphasis added).) Only the October 2016 assessment refers to a two-month limitation period. (R. 547 (Ex. 9F, p. 4).) The A.L.J. does not specifically address the other assessment conducted in February 2017 (Ex. 9F, pp. 6–9), which contained a six-month duration. (R. 551 (Ex. 9F, p. 8).)

In addition, it is not clear what weight the A.L.J. assigned to the assessment(s) he did consider. (R. 545–52.) The A.L.J. indicates that "[h]owever, the noted limitations on the claimant's ability to work are in reference with another disability program; therefore, the opinion regarding the claimant's inability to participate in any activities outside treatment is given

---

[2]At some point during treatment of Plaintiff, Ms. Eberle's last name changed to Brandt. However, for consistency the Court refers to her as "MHC Eberle."

little weight." (R. 20.) The A.L.J. appears to be referring to both assessments, as he cites to Exhibit 9F, pages 4 and 8. (R. 20.) Confusingly, however, the A.L.J. then indicates that "this opinion is not supported by the record and given partial weight where noted." (R. 21.)[3] First, as noted above, it appears that the A.L.J. is only referring to the October 2016 assessment and does not address the February 2017 assessment. Moreover, this statement creates ambiguity regarding the weight the A.L.J assigned to the assessments completed by MHC Eberle because, in reviewing the decision, there is no mention of assigning partial weight to MHC Eberle's opinions aside from the A.L.J.'s statement that partial weight was given "where noted." The ambiguity created by these conflicting statements warrants remand as it is impossible for this Court to decipher if the A.L.J.'s disability determination was supported by substantial evidence.

### *The A.L.J.'s RFC was based partially upon factual errors in evaluating the medical evidence.*

Where an A.L.J. makes factual errors in evaluating the medical evidence, his determination of disability cannot be supported by substantial evidence. *Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir. 1996) (holding that denial of the plaintiff's disability benefits was not supported by substantial evidence, in part, where the A.L.J. "committed several factual errors in evaluating the medical evidence."). "While one or two factual inaccuracies may amount to

---

[3] Given the context of the ALJ's statement regarding assigning partial weight, he appears to only be referring to MHC Eberle's October 2016 opinion.

7

harmless error numerous errors, particularly regarding matters upon which the ALJ relied, require remand." *Gomez v. Commissioner of Social Security*, 15-CV-00013 (BCM), 2017 WL 1194506, *16 (S.D.N.Y. March 30, 2017) (internal quotations and citations omitted).

In determining Plaintiff's RFC, the A.L.J. stated that "claimant again stopped going to her regular mental health session in 2016 and 2017." (R. 20.) The A.L.J. cites to exhibits 13F, page 2 and 12F, page 3 to support this statement. However, the A.L.J.'s statement is factually inaccurate as the record demonstrates that Plaintiff continued to attend her regular mental health sessions, with a few absences, in 2016 and 2017. (R. 590–650; 655–62.)

In addition, Exhibit 13F, page 2, does not relate to Plaintiff's attendance regarding her appointments with MHC Eberle in 2016 and 2017. (R. 664.) Instead, the cited reference indicates that Plaintiff attended three out of five sessions with a different provider in 2014, and then ceased treating with that individual. (R. 664.) The A.L.J.'s citation to Exhibit 12F, page 3, also does not support the A.L.J.'s claim that Plaintiff failed to attend therapy with MHC Eberle. A review of Exhibit 12F, page 3, reveals that there had been a two-month break in treatment "because of client/this writer's schedules." (R. 591.) This clarifies that Plaintiff did not "stop going to her regular mental health session in 2016 and 2017."

These factual inaccuracies are particularly poignant given that the A.L.J. asserted that "with regular treatment, notes have shown steady

8

improvement with compliance," with regard to Plaintiff's mental health. (R. 20.) Accordingly, it is clear that the A.L.J. believed that non-compliance with attending mental health counseling was a factor considered in determining Plaintiff's RFC. The A.L.J. also utilized his factual errors to discredit Plaintiff's statements regarding the intensity, persistence and limiting effects of Plaintiff's impairments, indicating that "[w]hile the claimant showed a long history of mental impairments and treatment, she has also shown inconsistent compliance with treatment." (R. 21.) At least with respect to Plaintiff's attendance for her mental health counseling with MHC Eberle, this is not true. Given these factual errors made by the A.L.J. when determining Plaintiff's RFC, remand is warranted.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 13), and denies the Commissioner's motion for judgment on the pleadings (ECF No. 16). The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED:   March 23, 2020
         Rochester, New York

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge

9